CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 27 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION**

| | | |
|---|---|---|
| DONALD G. SHEETS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 4:04cv00058** |
| | ) | |
| INSURANCE COMPANY OF | ) | |
| NORTH AMERICA, | ) | **By: Hon. Michael F. Urbanski** |
|     Defendant. | ) | **United States Magistrate Judge** |

## ORDER

A hearing was held on the record in this matter via telephone on October 26, 2005 on plaintiff's motion for extension of time and defendant's various motions. For the reasons stated on the record in open court, it is **ORDERED** as follows:

(1)    Plaintiff's motion for extension of time to serve discovery responses one day late is **GRANTED,** and defendant's objection thereto is **DENIED** as there was no showing of prejudice to defendant.

(2)    Defendant's motion to compel a response to its Request for Admission No. 19 is **DENIED**. Defendant's motion to compel a response to its Request for Admission No. 20 is **GRANTED**. Any issues of admissibility of this information are reserved for trial.

(3)    Defendant's motion to compel production of documents relating to communication between plaintiff's counsel and Moses, Hayes and Willeford is taken under advisement. Defendant's motion to compel production of documents relating to communication between plaintiff's counsel and the Wilborne Estate is also taken under advisement. The court will review these documents in camera and issue a ruling as to whether the documents are privileged or whether they must be disclosed in discovery.

(4)     Defendant's motion in limine to exclude plaintiff's expert testimony because the disclosure was served three days late is **DENIED** as there was no showing of prejudice to defendant.  Further, it appears to the court that the bulk of this proposed testimony is not the subject of expert testimony under Fed. R. Evid. 702, but rather is fact testimony.  Defendant may re-examine these purported experts at deposition on any issue raised in the expert designation not covered in the prior deposition.

(5)     Defendant's motion in limine to exclude plaintiff's expert testimony on the basis of failure to produce expert reports is **DENIED** as these experts were not retained or specially employed.  See Fed. R. Civ. P. 26(a)(2)(B).  Defendant must file any rebuttal expert reports within **10 days** of any deposition of plaintiff's experts, or within 10 days of this order, whichever is later.

(6)     Defendant's motion to recover discovery fees and costs under Rule 30(g)(1) is **DENIED**.  Recovery of fees and costs are not an appropriate vehicle to remedy counsels' mutual lack of communication regarding scheduling of the deposition.

The Clerk is directed to send a copy of this Order to counsel of record.

**ENTER:**     This 26 day of October, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2