IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 0 8 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

| | |
|---|---|
| DONALD G. SHEETS, | ) |
| Plaintiff, | ) Case No. 4:04CV00058 |
| v. | ) |
| INSURANCE COMPANY OF NORTH AMERICA, | ) MEMORANDUM OPINION |
| Defendant. | ) By: Hon. Michael F. Urbanski<br>) United States Magistrate Judge |

This case is before the court on a Motion to Compel Discovery filed by defendant, Insurance Company of North America ("INA"). At a hearing conducted on October 26, 2005, the court made various rulings on discovery issues, and took this privilege issue under advisement pending in camera review of the documents at issue. Following review of the documents, defendant's motion is **DENIED**.

I.

Plaintiff brought a civil action in Virginia state court to contest defendant's denial of insurance coverage on a boat policy. The case concerns whether coverage exists for the loss of the boat and a passenger in an accident off the Atlantic coast. Defendant removed the case to the Western District of Virginia premised upon diversity jurisdiction under 28 U.S.C. § 1332. Specifically, at issue is whether plaintiff must produce three pieces of correspondence that plaintiff's counsel sent to the attorneys of the following third-parties: (1) Correspondence dated October 18, 2004, from plaintiff's counsel to counsel for Moses, Hayes, & Willeford, an insurance agency, and Janet Powell, a person affiliated with that agency; (2) correspondence dated July 14, 2005, from plaintiff's counsel to counsel for Moses, Hayes, & Willeford and Janet

Powell; and (3) Correspondence dated June 3, 2005, from plaintiff's counsel to counsel for the Estate of Wilborn, the passenger lost when the boat capsized. Plaintiff objects to production of these documents by asserting that the documents are privileged under the work-product doctrine.

**II.**

The work-product privilege protects an attorney's work done in preparation for litigation. In re Grand Jury Proceedings, Thurs. Special Grand Jury Session Sept. Term, 1991, 33 F.3d 342, 348 (4th Cir. 1994). It is premised on the notion that not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney. Hickman v. Taylor, 329 U.S. 495, 510, 67 S. Ct. 385, 91 L. Ed. 451 (1947). The privilege encompasses both "fact" work-product and "opinion" work-product. Fact work-product consists of documents prepared by an attorney that do not contain the attorney's mental impressions. In re Grand Jury Proceedings, 33 F.3d at 348. It can be discovered upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship. Id.

Opinion work-product, however, contains the fruit of the attorney's mental processes and, thus, is more scrupulously protected. Id. This Circuit so jealously guards the mental processes of an attorney that it has held that opinion work-product is absolutely immune from discovery. See National Fire Union Ins. Co. v. Murray Sheet Metal Co., 967 F.2d 980, 983 (4th Cir. 1992). In the instant case, after reviewing the correspondence at issue, it is clear that these letters contain the mental processes of plaintiff's attorney as regards his theory of the case and litigation strategy. Thus, the correspondence contains opinion work-product which may not be discovered absent waiver.

Opinion work-product, however, can become discoverable if the privilege has been waived by the holder. See In re Doe, 662 F.2d 1073, 1081 (4th Cir. 1981) ("The attorney and client can forfeit this advantage [of the privilege], but their actions effecting the forfeiture or waiver must be consistent with a conscious disregard of the advantage that is otherwise protected by the work product rule."). The privilege may be deemed to have been waived when an attorney freely and voluntarily discloses the contents of otherwise protected work-product to someone with interests adverse to his or those of the client, knowingly increasing the possibility that an opponent will obtain and use the material. Id. Defendant asserts that plaintiff has waived the work-product privilege as to the correspondence because the documents were sent to parties adverse to plaintiff's interests. The court disagrees.

Although the Fourth Circuit has not defined "adverse interest" in the waiver context, the term is generally understood to mean "an interest that is opposed or contrary to that of someone else." See BLACK'S LAW DICTIONARY (8th ed. 2004). In the context of the instant coverage dispute, plaintiff's interest is not adverse to the parties to whom the correspondence was sent. Indeed, plaintiff and the third-parties with whom his counsel corresponded actually have a common interest in seeing that defendant insurance company provide coverage for the claim.

When a disclosure is made to a third-party with a common interest, the work-product privilege is not waived. A "common interest" should not be construed so narrowly as to only encompass co-parties. See United States v. American Telephone & Telegraph Co., 642 F.2d 1285, 1299 (D.C. Cir. 1980). So long as the transferor of the document and the transferee anticipate litigation against a common adversary on the same issue or issues, they have strong common interests in sharing the fruit of the trial preparation efforts. Id. Plaintiff was

3

corresponding with the third-parties to obtain their cooperation in furtherance of their common interest. They shared a common interest in obtaining insurance coverage for the boating accident; thus, there was no waiver when plaintiff disclosed the documents at issue to them.

Although defendant points out that plaintiff and the third-parties could potentially become adversaries if the litigation against defendant is unsuccessful, that is not the standard for determining whether the work-product privilege is waived. The Fourth Circuit has clearly held that for a waiver to occur, the disclosure must be made freely and with the knowledge that document is being passed to a party with adverse interests. See Doe, 662 F.2d at 1081. Certainly, that is not the case here as the recipients of the letters share a common interest in securing insurance coverage for the boat accident. While these parties may be adverse on other issues, that does not vitiate their common interest on the subject matters of the letters.

Limiting a waiver to only instances where disclosure is made to parties with actual adverse interests is premised upon the rationale that a party, making a disclosure knowingly and voluntarily to another who can act as conduit to an opponent, understands the increased risk that the document can be passed to his opponent and, thus, waives his privilege. Id. (holding that a waiver occurs by disclosure to an adverse party because the disclosing party "knowingly increas[ed] the possibility that an opponent will obtain and use the material . . . "). The disclosure in this case does not increase the possibility that defendant insurance company may obtain the information. Because plaintiff and his correspondents share a common interest in obtaining insurance coverage for the boating accident, there is no waiver here. A waiver does not occur when disclosure of opinion work-product is made to a third-party sharing a common

4

interest in the subject matter of such disclosure, even though the parties may become adverse on other issues.

For these reasons, defendant's motion to compel is denied, as set forth in the Order entered contemporaneously.

                                                       Hon. Michael F. Urbanski
                                                      United States Magistrate Judge